FILED
JUL 14 2010

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

---

**TRAVELODGE HOTELS, INC.**, a
Delaware Corporation,

   Plaintiff,

v.

**3 BLUE MOONS, INC.**, a South Dakota
Corporation;

 Serve At: Registered Agent
    Curtis Rust
    3200 West Russell St.
    Sioux Falls, SD 57107-0712

**CURTIS RUST**, an individual;

 Serve At: 7408 W. 15th Street
    Sioux Falls, SD 57105-4421

**CINDY RUST**, an individual;

 Serve At: 3200 West Russell St.
    Sioux Falls, SD 57107

**HENRIETTA RUST**, an individual;

 Serve At: 7408 W. 15th Street
    Sioux Falls, SD 57106

   Defendants.

Civil Action No. 10-4090

**COMPLAINT**

---

  Plaintiff Travelodge Hotels, Inc., by its attorneys, Armstrong Teasdale LLP, complaining of defendants 3 Blue Moons, Inc., Curtis Rust, Cindy Rust and Henrietta Rust, says:

## PARTIES AND SUBJECT MATTER JURISDICTION

1. Plaintiff Travelodge Hotels, Inc. ("THI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

2. Defendant 3 Blue Moons, Inc. ("Blue Moons"), on information and belief, is a corporation organized under the laws of the State of South Dakota, with its principal place of business at 3200 West Russell Street, Sioux Falls, SD 57107.

3. Defendant Curtis Rust ("Curtis R."), on information and belief, is a principal of Blue Moons and a citizen of the State of South Dakota, residing at 7408 W. 15th Street, Sioux Falls, SD 57106.

4. Defendant Henrietta Rust ("Henrietta R."), on information and belief, is a principal of Blue Moons and a citizen of the State of South Dakota, residing at 7408 W. 15th Street, Sioux Falls, SD 57106.

5. Defendant Cindy Rust ("Cindy R."), on information and belief, is a principal of Blue Moons and a citizen of the State of South Dakota.

6. Upon information and belief, Henrietta R., Cindy R. and Curtis R. are the only constituent members of Blue Moons.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the plaintiff and all the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

8. Venue is proper in this District as all defendants are believed to be residents of the State of South Dakota.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Agreements Between The Parties

9.      On or about December 22, 2006, THI entered into a license agreement (the "License Agreement")  with Blue Moons for the operation of a 201-room guest lodging facility located at 3300 West Russell, Sioux Falls, SD 57107, Site No. 19264-69592-1 (the "Facility").  A true copy of the License Agreement is attached hereto as Exhibit A.

10.     Pursuant to section 5 of the License Agreement, Blue Moons was obligated to operate a Travelodge® guest lodging facility for a fifteen-year term.

11.     Pursuant to section 7 and Schedule C of the License Agreement, Blue Moons was required to make certain periodic payments to THI for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees").

12.     Pursuant to section 7.3 of the License Agreement, Blue Moons agreed that interest is payable "on any past due amount payable to [THI] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

13.     Pursuant to section 3.8 of the License Agreement, Blue Moons was required to prepare and submit monthly reports to THI disclosing, among other things, the amount of gross room revenue earned by Blue Moons at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees due to THI.

14.     Pursuant to section 3.8 of the License Agreement, Blue Moons agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8 and 4.8 of the License Agreement, Blue Moons agreed to allow THI to examine, audit, and make copies of the entries in these books, records, and accounts.

15. Pursuant to section 9 of the License Agreement, Blue Moons could not lease the Facility, nor engage in any change, assignment, transfer, conveyance, or pledge of its interest, except with THI's prior written consent. Any attempted transfer, assignment, conveyance, or pledge not in accordance with section 9.1 of the License Agreement would be void as between THI and Blue Moons, and would give THI the right to terminate the License Agreement.

16. Pursuant to section 11.2 of the License Agreement, THI could terminate the License Agreement, with notice to Blue Moons, if Blue Moons (a) discontinued operating the Facility as a Travelodge guest lodging establishment or (b) lost possession or the right to possession of the Facility.

17. Pursuant to section 12.1 of the License Agreement and the Addendum to the License Agreement for the State of South Dakota, Blue Moons agreed that, in the event of a termination of the License Agreement pursuant to section 11.2, it would pay damages to THI in accordance with a formula specified in the License Agreement.

18. Section 18.5 of the License Agreement specifically set damages for the premature termination of the License Agreement at $1,000.00 for each guest room of the Facility at the time of Termination.

19. Pursuant to section 17.4 of the License Agreement, Blue Moons agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

20. Effective as of the date of the License Agreement, Blue Moons executed a Satellite Connectivity Service Addendum ("Satellite Addendum") to the License Agreement.

21. Section 13(a) of the Satellite Addendum, the Addendum will be terminated if the related License Agreement is terminated and pursuant to Section 13(c) of the Satellite Addendum, THI is entitled to damages for premature termination of the Addendum of $2,500.00.

22. Effective as of the date of the License Agreement, Curtis R., Cindy R. and Henrietta R. provided THI with a Guaranty of Blue Moons' obligations under the License Agreement ("Guaranty"). A true copy of the Guaranty is attached hereto as Exhibit B.

23. Pursuant to the terms of the Guaranty, Curtis R., Cindy R. and Henrietta R. agreed, among other things, that upon a default under the License Agreement, they would "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the Agreement."

24. Pursuant to the terms of the Guaranty, Curtis R., Cindy R. and Henrietta R. agreed to be bound by the terms set forth in Section 17 of the License Agreement, including paying the costs, including reasonable attorneys' fees, incurred by THI in enforcing its rights or remedies under the Guaranty or the License Agreement.

### The Defendants' Defaults and Termination

25. Sometime prior to October 15, 2007, Blue Moons transferred ownership and/or possession of the Facility, without prior consent from THI, to a third party.

26. By letter dated October 15, 2007, a true copy of which is attached as Exhibit C, THI acknowledged the termination of the License Agreement, effective October 5, 2007, and advised Blue Moons that it was required to pay to THI as damages for premature termination the sum of $201,000.00, plus an additional sum of $2,500.00 for termination of the Satellite Addendum, as required under the License Agreement, and all outstanding Recurring Fees through the date of termination.

### FIRST COUNT

27. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 27 of the Complaint.

28. Pursuant to sections 3.8 and 4.8 of the License Agreement, Blue Moons agreed to allow THI to examine, audit, and make copies of Blue Moons' financial information, including books, records, and accounts, relating to the gross room revenue earned at the Facility.

29. The calculation of the monetary amounts sought by THI in this action is based on the gross room revenue information supplied to THI by Blue Moons and, to the extent there has been non-reporting, THI's estimate as to the gross room revenue earned by Blue Moons.

30. The accuracy of this information cannot be confirmed without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Blue Moons.

**WHEREFORE**, THI demands judgment ordering that Blue Moons account to THI for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility from the inception through the date of termination of the License Agreement.

## SECOND COUNT

31. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 31 of the Complaint.

32. On October 5, 2007, THI terminated the License Agreement.

33. Section 12.1 of the License Agreement as well as the Addendum for the State of South Dakota provides that, in the event of termination of the License Agreement due to action of the Licensee, Blue Moons shall pay liquidated damages to THI within 30 days of termination.

34. As a result of the termination of the License Agreement, and pursuant to Section 18.5 of the License Agreement and Section 13 of the Satellite Addendum, Blue Moons is obligated to pay THI damages in the amount of $201,000.00 plus $2,500.00 related to the Satellite Addendum.

35. Notwithstanding THI's demand for payment, Blue Moons has failed to pay THI the damages as required in section 12.1 of the License Agreement and the Addendum for the State of South Dakota.

36. THI has been damaged by Blue Moons' failure to pay damages.

**WHEREFORE**, THI demands judgment against Blue Moons for damages in the amount of $201,000.00 plus $2,500.00, together with interest, attorneys' fees, and costs of suit.

### THIRD COUNT

37. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 37 of the Complaint.

38. By virtue of the premature termination of the License Agreement, THI sustained a loss of future revenue over the remainder of the fifteen year term of the License Agreement.

39. If the Court determines that Blue Moons is not liable to pay THI liquidated damages as required by section 12.1 of the License Agreement and related Addendum for the State of South Dakota then, in the alternative, Blue Moons is liable to THI for actual damages for the premature termination of the License Agreement.

40. THI has been damaged by Blue Moons' breach of its obligation to operate a Travelodge guest lodging facility for the remaining term of the License Agreement.

**WHEREFORE**, THI demands judgment against Blue Moons for actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

### FOURTH COUNT

41. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 41 of the Complaint.

42. Pursuant to section 7 and Schedule C of the License Agreement, Blue Moons was obligated to remit Recurring Fees to THI.

43. Despite its obligation to do so, Blue Moons failed to remit certain of the Recurring Fees due and owing under the License Agreement in the current amount of $82,373.16.

44. Blue Moons' failure to remit the agreed Recurring Fees constitutes a breach of the License Agreement and has damaged THI.

**WHEREFORE**, THI demands judgment against Blue Moons for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

## FIFTH COUNT

45. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 45 of the Complaint.

46. At the time of the termination of the License Agreement, Blue Moons was obligated to pay THI Recurring Fees.

47. Despite its obligation to do so, Blue Moons failed to pay certain of the Recurring Fees due and owing under the License Agreement.

48. Blue Moons' failure to compensate THI constitutes unjust enrichment and has damaged THI.

**WHEREFORE**, THI demands judgment against Blue Moons for the Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

## SIXTH COUNT

49. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 49 of the Complaint.

50. Pursuant to the terms of the Guaranty, Curtis R., Cindy R. and Henrietta R. agreed, among other things, that upon a default under the License Agreement, they would immediately make each payment and perform each obligation required of Blue Moons under the License Agreement.

51. Despite their obligation to do so, Curtis R., Cindy R. and Henrietta R. have failed to make any payments or perform or cause Blue Moons to perform each obligation required under the License Agreement.

52. Pursuant to the Guaranty, Curtis R. and Henrietta R. are liable to THI for Blue Moons' liquidated damages in the amount of $201,000.00 plus $2,500.00, or actual damages in an amount to be determined at trial, and Blue Moons' Recurring Fees due and owing under the License Agreement

**WHEREFORE**, THI demands judgment against Curtis R., Cindy R. and Henrietta R. for damages in the amount of all liquidated damages or actual damages and Recurring Fees due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

ARMSTRONG TEASDALE LLP

By: _____
Teresa L. Cauwels          SD # 3466
Edward R. Spalty
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108-2617
(816) 221-3420   /   FAX (816) 221-0786

ATTORNEYS FOR PLAINTIFF TRAVELODGE HOTELS, INC.